IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERNEST JOHNSON, | § |
| | § |
| V. | §    CIVIL ACTION NO. 4:23-CV-967-P |
| | § |
| BRAUM'S INC. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Braum's Inc. ("Braum's")' Motion to Dismiss [doc. 13], filed December 4, 2023. Having carefully reviewed the motion, response, reply, sur-reply, and all applicable law, the Court **RECOMMENDS** that Braum's' Motion to Dismiss be **DENIED** and Plaintiff be **ORDERED** to file an Amended Complaint.

## I.   BACKGROUND

Plaintiff Ernest Johnson ("Johnson") filed his Original Complaint against Braum's on August 10, 2023, in the 43rd District Court of Parker County, Texas. (ECF 1). On September 21, 2023, Braum's removed the case to this Court. (ECF 1). Pursuant to a Court order, Johnson filed his Amended Complaint on November 13, 2023, which is the live pleading in this case. (ECF 11). In his Amended Complaint, Johnson alleges that he purchased and consumed a carton of Braum's' ice cream flavor "Caramel Cone." (Plaintiff's Amended Complaint ("Complaint") at 3–4). Further, Johnson alleges that, while consuming this ice cream, one of the pieces of cone perforated his esophagus. (Complaint at 3–4). Johnson claims that the perforation placed him in a critical condition that required an emergency surgery to repair his esophagus. (*Id.*) Consequently, Johnson brought his claims of negligence and strict liability for breach of the warranty of purity against Braum's. (*Id.* at 4).

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Twombly*, 550 U.S. at 545. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions).

Whether represented by counsel or appearing *pro se*, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Twombly*, 550 U.S. at 555. Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. U.S.*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

### III. ANALYSIS

In its motion, Braum's argues that Johnson's claims against it should be dismissed because he "failed to provide any description whatsoever as to what products' [sic] liability theory he asserts against [Braum's]," and his "negligence-based cause[] of action simply provide[s] for threadbare recitations of the elements of a negligence [claim]." (Braum's Motion to Dismiss ("Mot.") at 2, 12). Johnson, in his response, asserts that Braum's' motion should be denied because Braum's "mistakenly asserts and assumes Plaintiff's cause of action arise[s] out of a products liability claim," when it is in fact based on the "warranty of purity." (Johnson's Response ("Resp.") at 3–4). Further, Johnson asserts that he has sufficiently pled his negligence claim. (Resp. at 4–5). In its reply, Braum's argues that Johnson failed to state a claim upon which relief can be granted because the warranty of purity was replaced by the current products liability jurisprudence in 1977, and Johnson failed to properly plead his negligence claim. (Braum's' Reply ("Reply") at 2–3). Johnson, in his sur-reply, once again reiterates that he is not bringing a product liability claim and states that he has sufficiently pled both his negligence

3

claim and strict liability claim under Restatement Second of Torts section 402(A) ("section 402"). (Johnson's Sur-reply ("Sur-reply") at 3–5).[1]

As evidenced above, the parties inexplicably disagree about what law controls for a strict liability claim involving an allegedly defective food product. Johnson's strict liability claim against Braum's—as pled—is predicated on his argument that Braum's' "Caramel Cone" ice cream breached the warranty of purity. (*See* Complaint at 4; Resp. at 3; and Sur-reply at 2). Braum's contends that the warranty of purity was replaced by section 402 and, thus, to properly plead his strict liability claim, Johnson is required to identify an alleged marketing, manufacturing, or design defect. (Reply at 3). In his sur-reply, Johnson concedes that the warranty of purity was the precursor to section 402, but contests what elements he is required to plead for such a claim. (Sur-reply at 2–4). Consequently, before addressing whether Johnson has sufficiently pled his claims, the Court must first determine what the law is.

It is undisputed that the warranty of purity was a "precursor to strict liability in tort," and has not served as the basis for a cause of action since Texas adopted section 402. *See, e.g., Nghiem v. Sajib*, 567 S.W.3d 718, 724 (Tex. 2019) (citing *Nobility Homes of Tex., Inc. v. Shibers*, 557 S.W.2d 77, 78 (Tex. 1977)). After the adoption of section 402, manufacturers of defective products could be held strictly liable under Texas common law. *See Amazon.com, Inc. v. McMillian*, 625 S.W.3d 101 (Tex. 2021) (citing *New Tex. Auto Auction Servs., L.P. v. Gomez*

---

[1] Section 402(A) provides:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

*de Hernandez*, 249 S.W.3d 400, 403 (Tex. 2008)). Subsequently, the Texas Legislature adopted the Texas Products Liability Act, which was codified as Chapter 82 of the Civil Practice and remedies Code ("section 82"). *See McMillian*, 625 S.W.3d at 106; Tex. Civ. Prac. & Rem. Code §§ 82.001, *et seq*. As relevant to this motion, section 82 provides: "'Products liability action' means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Thus, despite his consistent assertions to the contrary, a review of the complaint reveals that Johnson is in fact alleging product liability claims as defined by section 82. (*See* Complaint at 4).

In order to sufficiently plead a strict product liability claim "'a party must [plead] that: (1) a product is defective; (2) the defect rendered the product unreasonably dangerous; (3) the product reached the consumer without substantial change in its condition from the time of original sale; and (4) the defective product was the producing cause of the injury to the user.'" *Elmazouni v. Mylan*, Inc., 220 F. Supp. 3d 736, 741 (N.D. Tex. 2016) (quoting *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir. 1984)). To plead that a product is unreasonably dangerous a plaintiff must identify a defect in marketing, design, or manufacturing. *Elmazouni*, 220 F. Supp. 3d at 741 (citing *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997)).

Based upon Johnson's current pleading, the Court finds that Johnson has failed to sufficiently provide notice to Braum's, and the Court, whether he is alleging a marketing, design, or manufacturing defect. While the Court could take its best guess as to what Johnson was attempting to plead, it is not required to do so and, thus, would be justified in dismissing the case. However, in light of the confusion surrounding the applicable law and Fifth Circuit's

precedent providing that "[m]otions to dismiss are viewed with disfavor and are rarely granted," the Court finds that justice would be better served by allowing Plaintiff a final chance to amend his complaint. *See, e.g., Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). Accordingly, the Court **RECOMMENDS** that Braum's motion to dismiss be **DENIED** and Plaintiff be **ORDERED** to file an Amended Complaint that addresses the issues set forth herein above.[2]

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

---

[2] The Court also recommends that Johnson review his negligence claim in light of the fact that the Court need not accept conclusory allegations.

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until February 1, 2024** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 18, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE